In re: **D.W.G.K. RESTAURANTS, INC.,**
**dba Jimmy's Family of Fine**
**Restaurants, et al., Debtor,**

**Robert L. Rentto, Appellant,**

v.

**Howard Justus, Appellee.**

No. 00–55144.
BAP No. SC–98–01368–MaPRy.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Decided Oct. 12, 2001.

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM *

Robert Rentto appeals the Bankruptcy Appellate Panel's decision which affirmed a bankruptcy court order disallowing his claim for approximately $250,000 in legal fees and costs against the bankruptcy estate of D.W.G.K. Restaurants, Inc. (the Debtor).

Rentto represented the adverse parties (the Kaye Group) in an adversary proceeding brought by the Debtor.[1] Rentto's client lost the action in 1987. He now seeks recovery for the services rendered in representing the adverse parties.

(1) Rentto filed a creditor's claim in this proceeding, but he cannot prevail on that because all of his services were rendered after the inception of this bankruptcy. A claim is a "right to payment." 11 U.S.C. § 101(5). As relevant here, a creditor is one who "has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). Again, that does not

define Rentto's situation. We recognize that the bankruptcy court's order of May 15, 1987, provided for allowable claims of the Kaye Group's creditors, but that does not advance the argument because, as that order indicated, it was speaking of "prepetition claims," that is, those which were in existence before the Debtor filed its petition. Still again, that does not encompass Rentto's claim.

(2) Rentto then asserts that he should receive the fees because the proceeding against the Kaye Group was like an involuntary bankruptcy, and the firm's work for the Kaye Group was like the work of one who was representing the prospective involuntary bankrupt. It is true that a so-called gap claim can be allowed when there *is* an involuntary bankruptcy proceeding. *See* 11 U.S.C. § 502(f); *Hamilton v. Lumsden (In re Geothermal Res. Int'l, Inc.)*, 93 F.3d 648, 651 & n. 1 (9th Cir. 1996). But this was not that. It was simply an adversary proceeding, which ended in the seizure of assets of the Kaye Group on the theory that those assets belonged in the Debtor's bankruptcy. That did not make the Kaye Group members bankrupts, nor did it confer upon them the benefits of bankruptcy proceedings. Rather, Rentto could still pursue them for his fees or if they filed separate bankruptcies, he could file claims in their estates.[2] Thus, if this was like an involuntary bankruptcy in some ways, a simile is still not an identity, or even an allotrope.[3]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In fact, Rentto is the successor in interest to Stutz, Rentto, Gallagher & Artiano, the law firm that represented the Kaye Group in the adversary proceeding. Incidentally, in 1987 the law firm sought an order authorizing payment of the same fees, but the bankruptcy court denied fees because there had been no benefit to the Debtor's estate, there was no

basis to appoint and pay counsel for representing adverse parties, under the circumstances fees would be unjustified, and standards for a nunc pro tunc appointment were not met.

2. Rentto indicates that some members of the Kaye Group have, indeed, since filed for bankruptcy.

3. We need not, and do not, decide whether Rentto's claim, if he had one, could properly be subordinated to the claims of other credi-

We are truly sympathetic to Rentto's plaintive assertion that it is a hard thing for his clients to lose their case, their assets, and their ability to pay for his professional services, but the law does not protect him. Those who are drawn into the bankruptcy maelstrom often suffer great losses, and even lawyers who never encounter it often lose their fees when their clients lose their cases.

AFFIRMED.

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent.

When Rentto represented the Kaye Group, it had not filed for bankruptcy. Rentto's claim against his client for his fees never suffered from the infirmity of representing a bankruptcy estate without court approval.

Although the Kaye Group's assets were consolidated with the D.W.G .K. bankruptcy estate, that did not mean the Kaye Group's creditors, like Rentto, could only pursue their claims against the now stripped Kaye Group. The consolidation also made "allowable claims" good against the D.W.G.K. bankruptcy estate.

Rentto's claim would not have been allowable had he represented D .W.G.K. after the filing without court approval, but he did not do that. Although Rentto would ordinarily have no claim against D.W.G.K. for representing its adversary, the court order gave him and other Kaye Group creditors such a claim, to avoid inequity from the consolidation of assets. He is an innocent Kaye Group creditor, so far as the record shows, whose claim should, under the consolidation order, follow the Kaye Group's assets into the D.W.G.K. bankruptcy.

---

tors under the bankruptcy court's order of May 15, 1987, or under 11 U.S.C. § 510(c). On this record, which gives no indication of any impropriety on his part, we are very dubious, but, again, we do not decide the issue.

